UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEPHEN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01158-TWP-DML |
| | ) | |
| IDOC, | ) | |
| MRS. QUICK, | ) | |
| MRS. KNIGHT, | ) | |
| MR. FOX, | ) | |
| MRS. WIDNER, | ) | |
| MRS. BELL, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Complaint and Opportunity to Show Cause**

Plaintiff Stephen Davis is a prisoner currently incarcerated at Pendleton Correctional Facility ("PCF"). He filed this civil action apparently challenging actions taken in his bankruptcy proceedings and treatment of his inmate trust account.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

> the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Davis sues the Indiana Department of Correction ("IDOC"), Mrs. Quick, Mrs. Knight, Mr. Fox, Mrs. Widner, and Mrs. Bell. He alleges that his rights were violated during bankruptcy proceedings in Case No. 21-80142-JG-7. He also apparently alleges that IDOC officials have mishandled his inmate trust account.

Based on the screening standard set forth above, Mr. Davis's complaint must be dismissed. First, if Mr. Davis wants to challenge the decision in his bankruptcy case, he must do so through an appeal to the district court. *See* Fed. R. Bankr. P. 8003. Indeed, Mr. Davis has appealed his bankruptcy case, and that appeal is proceeding in Case No. 2:22-cv-145-JPH-MJD.

Next, while Mr. Davis's allegations regarding his inmate trust account are not entirely clear, to the extent that he can be understood to allege that money has been taken from him improperly, such claims are not properly brought in this court. There is no federal claim for deprivation of property in these circumstances if there is a state post-deprivation remedy available that satisfies due process. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). *See also Knick v. Twp. of Scott, Pennsylvania,* 139 S. Ct. 2162, 2174 (2019) ("It is not even possible for a State to provide pre-deprivation due process for the unauthorized act of a single employee." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981))).

Indiana's Tort Claims Act (IND. CODE § 34-13-3-1 et seq.) provides for state judicial review of property losses caused by government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). Because Mr. Davis has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation.

### III. Opportunity to Show Cause

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through July 8, 2022,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis."). Because Mr. Davis has failed to state a claim upon which relief can be granted, his motion for discovery, dkt. [3], motion for statement, dkt. [4],

motion to retain records, dkt. [5], and motion to retain through government agents, dkt. [6], are each **DENIED**.

    **IT IS SO ORDERED.**

Date: 6/13/2022

*Tanya Walton Pratt*
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

STEPHEN DAVIS
133272
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064